IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:19-CR-0079-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | ORDER |
| BELDEN HADLEY WATSON, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 43). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Beckley[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 or possibly death if he were to contract the virus. *Id*. Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

Defendant is a 61-year-old man serving a 97-month sentence for conspiracy to distribute and possessing with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, and possession of a firearm by a convicted felon. (Doc. No. 37). According to the Bureau of Prison's (BOP) website, the Defendant is scheduled to be released on July 31, 2026. Defendant's Presentence Report, which was filed in February of 2020, stated that he was

---

[1] According to the Bureau of Prison's (BOP) website, FCI Beckley currently has 1 inmate and zero staff with confirmed active cases of COVID-19. There have been no inmate deaths, no staff deaths and 192 inmates have recovered and 161 staff have recovered. Additionally, at FCI Beckley, 235 staff have been fully inoculated and 1,298 inmates have been fully inoculated.

treated in April of 2019 for a heart attack and high blood pressure. Additionally, he suffers from high blood pressure, acid reflux, diabetes, and high cholesterol. (Doc. No. 30, ¶ 79). Defendant takes medications for all these conditions. *Id*. In his motion, Defendant claims to suffer from hyperlipidemia, hypertension, esophageal reflux, diabetes, cannabis use disorder, stimulant related disorders, polyneuropathy, chest pain, lower back pain, joint pain, chronic heart disease, impacted cerumen, hepatitis C, and long COVID symptoms. (Doc. No. 43 at 5). Defendant provides certain medical records which reflect he suffers from hyperlipidemia, hypertension, esophageal reflux disease, diabetes, cannabis use disorder, stimulant related disorders, polyneuropathy, shoulder pain low back pain, and chest pain. (Doc. No. 44 at 18). At this time, all of these conditions appear to be treated with medication and follow-up medical visits are provided by the institution. (Doc. No. 44). The records also indicate his heart disease is in remission, his hepatitis C is resolved, and his impacted cerumen is resolved. *Id*. at 19.

The Government reports Defendant is fully vaccinated against COVID-19 as he received the first dose of the Pfizer COVID-19 vaccine on January 21, 2021, and the second dose on February 9, 2021. (Doc. No. 45 at 1). Additionally, the Defendant received a Pfizer booster on December 3, 2021. *Id*. The Centers for Disease Control and Prevention (CDC) have evaluated the COVID-19 virus and explained that vaccines "continue to be highly effective at preventing hospitalizations and death." CDC, *Benefits of Getting a* COVID-19 *Vaccine*, www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19.

Furthermore, Defendant has not met his burden of establishing that his risk is extraordinary and compelling because he has already contracted the virus and beaten it. (Doc. No. 45, at 5). *See*

*United States v. Logan*, 2020 WL 3960999, at *2 (W.D.N.C. July 13, 2020) (Reidinger, J.) ("The Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted – and beaten – the virus."); *see also, e.g., United States v. Jenkins*, 2021 WL 665854, at *4 (S.D. Ind. Feb. 19, 2021) (Barker, J.) ("To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19 – even when the defendant has risk factors for severe symptoms…. The fact that the BOP is now actively vaccinating inmates against COVID-19 … only underscores the speculative nature of any concern of reinfection."); *United States v. Marley*, 2020 WL 7798406, at *3 (S.D.N.Y. Dec. 30, 2020) (Caproni, J.) ("With the vaccine rollout underway in the United States, the Court anticipates that Mr. Marley will receive a vaccine well in advance of his becoming susceptible to reinfection."); *United States v. Thompson*, 2020 WL 7771141, at *3 (N.D. Ill. Dec. 30, 2020) (Bucklo, J.); *United States v. Palpallatoc*, 2020 WL 7647198. At *3 (W.D. Wash. Dec. 28, 2020) (Settle, J.); *United States v. McCallum*, 2020 WL 7647198, at *1(S.D.N.Y. Dec. 23, 2020) (Seibel, J.) ("Now that he has weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense.").

Accordingly, Defendant cannot establish an "extraordinary and compelling" reason for compassionate release based on his concerns about contracting the virus. As such, Defendant's motion will be denied.

**IT IS THEREFORE ORDERED** that Defendant's motion for compassionate release and reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 43), is **DENIED**.

**SO ORDERED.**

Signed: September 30, 2022

Kenneth D. Bell
United States District Judge